Kenneth G. GOODMAN,
Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SE-
CURITY, Michael J. Astrue,
Defendant–Appellee.

No. 10–11595
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 6, 2011.

Kenneth G. Goodman, Gainesville, FL,
pro se.

Peter G. Fisher, Roy F. Blondeau, Jr.,
Thomas F. Kirwin, E. Bryan Wilson, U.S.
Attorney's Office, Tallahassee, FL, Anne
M. Mackland, Social Security Administra-
tion, Kansas, MO, for Defendant–Appellee.

Before BARKETT, MARCUS and
ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Goodman appeals from the dis-
trict court's order affirming the Social Se-
curity Commissioner's denial of his appli-
cation for disability benefits.[1] Goodman
argues that the Administrative Law Judge
("ALJ") erred by finding that his intellec-
tual functioning and mood disorder were
not severe impairments.[2] Goodman relies
on a psychological evaluation finding that
he had borderline intellectual functioning
and a "poor" ability to function in several
areas. However, the ALJ afforded those
findings little weight because they contra-
dicted the record on the whole, which dem-
onstrated that Goodman's mental condition
had no more than a minimal effect on his
ability to do basic work activities. See
Brady v. Heckler, 724 F.2d 914, 920 (11th
Cir.1984). The ALJ provided specific and
detailed reasons for this finding, which
Goodman does not challenge on appeal and
which we conclude are supported by sub-
stantial evidence. See Moore v. Barnhart,
405 F.3d 1208, 1212 (11th Cir.2005). We
further find no reversible error in the
ALJ's use of the Medical Vocational Guide-
lines instead of a vocational expert when
determining Goodman's ability to perform
jobs in the national economy. See Passo-
pulos v. Sullivan, 976 F.2d 642, 648 (11th
Cir.1992). Accordingly, we affirm.

AFFIRMED.

1. "[W]e review de novo the legal principles
upon which the Commissioner's decision is
based. However, we review the resulting de-
cision only to determine whether it is sup-
ported by substantial evidence. Substantial
evidence is less than a preponderance, but
rather such relevant evidence as a reasonable
person would accept as adequate to support a
conclusion." Moore v. Barnhart, 405 F.3d
1208, 1211 (11th Cir.2005) (internal citations
omitted).

2. Goodman also argues that chronic pain and
neuropathy were severe impairments, but we
do not address these arguments because he
failed to raise them in the district court. See
Jones v. Apfel, 190 F.3d 1224, 1228 (11th
Cir.1999).